UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| THE HARRISON STEEL CASTINGS COMPANY *Plaintiff*, v. UNITED STATES, *Defendant*. | Court No. 20-00147 |

## COMPLAINT

Plaintiff, THE HARRISON STEEL CASTINGS COMPANY ("HARRISON"), by its undersigned attorneys, Simon Gluck & Kane LLP, hereby alleges as follows:

## THE PLAINTIFF

1. Plaintiff, HARRISON, is a corporation duly organized and existing under the laws of the State of Indiana, which maintains its primary place of business at 900 Mound Street, Attica, IN 47918.

## JURISDICTION

2. While this court has denied protest jurisdiction under to 28 U.S.C. § 1581(a) as two entries, i.e. Entry Nos. 555-0666283-6 and 555-0666818-9, included in this case were included in Protest No. 3901-20-109473, which was denied in part by U.S. Customs & Border Protection ("CBP") as untimely as to those two entries, this court has jurisdiction of this action pursuant to 28 U.S.C. § 1581(i)(1), (2) and (4) because this civil action is commenced to contest the collection of retaliatory duties by the United States at the direction of and pursuant to decisions by the United States Trade Representative ("USTR") under Section 301 of the Trade Act of 1974, as amended (19 U.S.C. § 2111-2462).

3. As stated in 28 U.S.C. § 1581(i):

> **(i)** In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
>
> **(1) revenue from imports or tonnage;**
> **(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue**;
> (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
> **(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.** (Emphasis added).

4. Plaintiff, HARRISON, is the importer of record of the merchandise upon which the retaliatory duties that are the subject of this action were assessed and paid.

5. This case is brought to compel the Defendant United States to refund monies originally collected beginning on September 24, 2018 pursuant to the authority of 19 U.S.C. § 2411.

6. Subsequently on March 26, 2020 (85 Fed. Reg. 17167 et seq.) the USTR announced certain retroactive exclusions from the effects of retaliatory duties under USTR Docket 2019-0005, including certain products imported under subheading 8302.30.3060, Harmonized Tariff of the United States ("HTSUS").

7. The subject matter of this case involves no decision by the Commissioner of U.S. Customs and Border Protection protestable under 19 U.S.C. § 1515, not withstanding the inclusion of two entries in a protest denied by CBP.

8. All liquidated duties, charges, or exactions have been paid prior to the filing of the summons in this action.

## DESCRIPTION OF THE MERCHANDISE

9. The imported goods upon which retroactive refunds are sought are:

Mountings and fittings suitable for motor vehicles of iron or steel, of aluminum or of zinc, other than pneumatic cylinders (described in statistical reporting number 8302.30.3060).  Exclusion #96, March 26, 2020.

## CLAIM

10. Paragraphs 1 through 9, <u>supra</u>, are incorporated as though set forth fully herein.

11. The imported merchandise involved in this claim consists of the items entered through the Ports of the United States on or after September 24, 2018 under subheading 8302.30.3060, HTSUS.  <u>See</u> Exhibit.

12. The regular duties, taxes and fees plus USTR applied duties under section 301 of the Trade Act of 1974 have been paid.

13. The United States remains in wrongful possession of the section 301 duties on Plaintiff's entries of the subject merchandise as the USTR has determined that no such duties apply *ab initio* to the date of implementation of 301 duties on "List 3" of the impacted items previously announced by the USTR.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)      enter judgment holding that Defendant must refund all duties collected pursuant to section 301 of the Trade Act of 1974 on merchandise on import entries herein enumerated that were retroactively excluded from USTR Docket 2019-0005 including interest at the rate established by 26 U.S.C. § 6621;

(b)      order reliquidation of the involved entries; and

(c)      grant such additional relief the Court deems just and proper.

 

Respectfully submitted,

SIMON GLUCK & KANE LLP

By:     s/Christopher M. Kane
          Christopher M. Kane
          Daniel J. Gluck
          Mariana del Rio Kostenwein
          535 Fifth Avenue, Fourth Floor
          New York, New York 10017
          (212) 775-0055

Attorneys for Plaintiff

Dated: August 7, 2020

# **Exhibit**

| Entry Number | Entry Date |
|:---:|:---:|
| 555-0666283-6 | 9/27/18 |
| 555-0666818-9 | 10/15/18 |